REPUBLIC STEEL CORPORATION, UNITED STATES STEEL CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES OF AMERICA AND UNITED STATES INTERNATIONAL TRADE COMMISSION, DEFENDANTS AND COMPANHIA SIDERURGICA PAULISTA (COSIPA), ET AL., INTERVENORS

Consolidated Court No. 82-03-00372

Before WATSON, *Judge.*

(Decided November 10, 1983)

*Cravath, Swaine & Moore (Alan J. Hruska* of counsel) for plaintiffs Republic Steel Corp., Inland Steel Company, Jones & Laughlin Steel Inc., National Steel Corp., and Cyclops Corporation.

*Law Department of United States Steel Corporation (D.B. King, J.J. Mangan, C.D. Mallick, L. Ranney and P.J. Koenig* of counsel) for plaintiff United States Steel Corporation.

Office of the General Counsel, International Trade Commission (*Michael H. Stein,* General Counsel; *Michael P. Mabile,* Assistant General Counsel; *Catherine R. Field,* Attorney) for the federal defendants.

*Wald, Harkrader & Ross (Christopher Dunn and Vaughan Finn* of counsel) for defendant-intervenors COSIPA and USIMINAS.

WATSON, *Judge:* Consolidation, which once held promise for the efficient and speedy resolution of this action, now presents a problem. U.S. Steel has taken an interlocutory appeal of this Court's decision denying its corporate counsel access to business confidential information in the administrative record here under judicial review. The remaining five plaintiffs had moved to sever their actions at a time when the taking of an appeal was uncertain and the Court left the motion pending to await future events. Since the appeal is now a reality, the Court considers it necessary, for the reasons set out more fully in *United States Steel Corporation, Republic Steel Corporation, et al.* v. *United States, et al.* (Slip Opinion 83–115, November 9, 1983) to sever U.S. Steel's action from the others so that the other plaintiffs may proceed in accordance with the statutory priority and expedited treatment required for their action. It would be unfair for them to have to await the outcome of an issue which is of importance only to plaintiff U.S. Steel.

The Court has reviewed the filings of the parties on the question of severance and found no good reason to maintain this action in its consolidated form.

Accordingly, it is

ORDERED that the claims of U.S. Steel are severed from this action and restored to their original form as Court No. 82–07–01053.